IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01705–MSK–KMT

TERRY BETTS,

    Plaintiff,

v.

LIZ KARRIGAN, and
JOHN E. OREY,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court *sua sponte*, due to Plaintiff's failure to respond to the court's Order to Show Cause regarding Plaintiff's failure to comply with the Order granting Plaintiff leave to proceed *in forma pauperis* and Plaintiff's failure to comply with Rule 10.1M of the Local Rules of Practice for the United States District Court for the District of Colorado. The court recommends that, for the reasons stated herein, this case be dismissed without prejudice.

    The complaint in this case was filed on July 17, 2009. (Doc. No. 3.) The plaintiff's motion to file *in forma pauperis* was granted on July 17, 2009. (Doc. No. 2.) Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or to show cause each

month why he has no assets and no means by which to make the monthly payment. (Doc. No. 2 at 2.) Plaintiff also was directed to file a certified copy of his inmate trust fund account statement. (*Id.* at 3.) Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. (*Id.*)

Plaintiff's last and only account statement in this case was received August 24, 2009. (Doc. No. 15.) Plaintiff has failed to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of September 2009 through March 2010.

Additionally, the Local Rules of Practice for the United States District Court for the District of Colorado, Rule 10.1M provides:

> **Notice of Change of Address, E-mail Address, or Telephone Number**. Within five days after any change of address, e-mail address (including any change of e-mail address to be used in the account maintenance link in ECF), or telephone number of any attorney or pro se party, notice of the new address, e-mail address, or telephone number shall be filed.

Mail sent to Plaintiff since December 3, 2009, has been returned to the Court as undeliverable. (Doc. Nos. 47, 48.) Plaintiff has failed to provide the Court with a new address.

This Court issued an Order to Show Cause for Plaintiff's failure to comply with the Order entered July 17, 2009, granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and for Plaintiff's failure to comply with Rule 10.1M of the Local Rules of Practice for the United States District Court for the District of Colorado. (Doc. No. 49.) The Order to Show Cause instructed Plaintiff to either make the required monthly payments for the

months of September 2009 through February 2010 or file a properly certified copy of his inmate trust fund account statement demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment on or before March 1, 2010. The Order to Show Cause also instructed Plaintiff to show cause in writing why the Complaint should not be dismissed for failure to comply with the Rule 10.1M of the Local Rules of Practice for the United States District Court for the District of Colorado. Plaintiff was warned that his failure to comply with the Order to Show Cause would result in this court recommending dismissal of Plaintiff's Complaint and this civil action. Plaintiff failed to respond to the Order, failed to submit payment or an inmate trust fund account statement, and failed to provide the court with an updated address.

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. Plaintiff was ordered to respond to an Orders to Show Cause but failed to do so within the required time frame. Additionally, Plaintiff has made no request for an extension of time in which to file a response. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. See *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir.1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails

to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

In *Cosby v. Meadors*, the Tenth Circuit expounded upon the obligation of an indigent prisoner under the 1996 Prison Litigation Reform Act ("PLRA") to ultimately pay the full amount of a filing fee necessary to initiate and continue litigation. 351 F.3d 1324, 1326 (10th Cir.2003). The *Cosby* Court recognized the PLRA's fee provisions "are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees,' " within the practical limits established by the PLRA considering the prisoner's indigent status. *Id.* at 1327 (citations omitted). "The issue here is not money per se . . . [but rather] respect for the judicial process and the law." *Id.* at 1326. Failure to pay the filing fee as required by the PLRA may result in dismissal of the prisoner's action. *Id.* at 1327 (citations omitted).

The *Cosby* Court looked to the *Ehrenhaus* factors, which are relevant when evaluating grounds for dismissal of an action. 351 F.3d at 1332 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)). The *Ehrenhaus* factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of

the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations omitted).

Regarding the first factor, Plaintiff's persistent failure to follow the Court's Orders with respect to his obligation to pay the filing fee and to update his address compels the Court's continual review of his file and issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the court expressly ordered Plaintiff to comply with his *in forma pauperis* obligations and to respond to the Order to Show Cause. The record of Plaintiff's failure to respond to each of the Court's Orders leads the court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings putting Plaintiff on notice that his claims could be dismissed as a result of his failure to respond included in the Order granting Plaintiff leave to proceed *in forma pauperis* and the Order to Show Cause, satisfy the fourth factor.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby*, 351 F.3d at 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the Order to Show Cause and the Order granting Plaintiff leave to proceed *in forma pauperis.* For these reasons, dismissal without prejudice of this action is warranted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action, for Plaintiff's failure to comply with his *in forma pauperis* obligations, and for Plaintiff's failure to comply with local rule 10.1M.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of March, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge